**SO ORDERED.**

**SIGNED this 25 day of October, 2011.**



_____
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 11-02052-8-SWH |
| JOHN PATRICK LAMANNA and MADELINE SAMBO ROJANO, | CHAPTER 13 |
| DEBTORS | |
| RALEIGH PLUMBING & HEATING, INC., | ADVERSARY PROCEEDING NO. |
| Plaintiff, | 11-00134-8-SWH |
| v. | |
| JOHN PATRICK LAMANNA and EMPIRE INTERIORS, INC., | |
| Defendants. | |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

The matter before the court is the motion of the plaintiff, Raleigh Plumbing and Heating, Inc. ("Raleigh Plumbing"), for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. A hearing took place in Raleigh, North Carolina, on September 22, 2011. The motion for summary judgment will be denied.

Statement of the Case

Raleigh Plumbing filed a complaint on April 15, 2011, seeking a determination that its claim in the amount of $13,640 against debtor John Patrick LaManna and Empire Interiors, Inc. is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and/or § 523(a)(2)(B). LaManna filed an answer on June 20, 2011. Empire Interiors, Inc. was dismissed from the proceeding by order dated September 27, 2011.

Raleigh Plumbing filed a motion for summary judgment on July 7, 2011, contending that there is no genuine dispute as to any material fact asserted in the complaint because the Wake County District Court, in a civil action initiated by Raleigh Plumbing in 2005, already has determined that LaManna fraudulently obtained goods and services from Raleigh Plumbing. That court entered a judgment in the amount of $13,640 against LaManna on November 18, 2005. Raleigh Plumbing contends that the doctrine of collateral estoppel prevents re-litigation of the issue of fraud in this proceeding. In addition, Raleigh Plumbing asserts that the factual findings made by the Wake County District Court support a determination of non-dischargeability under 11 U.S.C. § 1328(a)(2). Finally, Raleigh Plumbing contends that, notwithstanding the collateral estoppel issue, it is entitled to summary judgment based upon the undisputed facts in the case. In response, LaManna maintains that the issue of fraud was not actually litigated before the court and, therefore, the doctrine of estoppel does not apply that the debt is dischargeable; and that summary judgment on issues of fraud is not appropriate.

Statement of the Facts

Raleigh Plumbing alleges that LaManna contracted with it to provide the materials and labor necessary to perform the plumbing rough-in and trim-out on real property located at 7266 Summit

Waters Lane in Wake County, North Carolina ("Property"). Raleigh Plumbing completed the rough-in and submitted an invoice to debtor for $1,878.50, and refused to do further work on the Property until a third party, Empire Interiors, Inc., paid the invoice. On or about April 11, 2005, a check signed by LaManna in the sum of $1,878.50 was delivered to Raleigh Plumbing. On the following day, Raleigh Plumbing returned to the Property to complete its contractual obligations. On or about April 14, 2005, Raleigh Plumbing received notice that the debtor had stopped payment on the check. Raleigh Plumbing invoiced the debtor $1,011.50 for the remaining work for a total amount due and owing of $2,890 on the contract. When that invoice remained unpaid, Raleigh Plumbing filed a complaint in Wake County District Court against Empire Interiors and LaManna to recover the monies. The complaint was served on the debtor on August 26, 2005, but the debtor did not answer or otherwise respond.

     A default against the debtor and his co-defendant was entered by the district court on September 29, 2005. On November 18, 2005, Judge Fullwood of the Wake County District Court held a hearing on Raleigh Plumbing's application for default judgment. The debtor does not dispute that he was present at the "calendar call" on the day of the hearing, at which time he requested, and was denied, a continuance. The debtor left the courtroom after his motion for continuance was denied, but before the beginning of the hearing. Judge Fullwood heard the default judgment motion and ruled in favor of Raleigh Plumbing, as is evidenced by the Judgment of that court dated November 18, 2005.

     The Judgment contains various findings of fact, to the effect that the debtor told Raleigh Plumbing to return to the job to complete it, was informed Raleigh Plumbing would not do so without being paid, and subsequently tendered a check to Raleigh Plumbing for the agreed-upon

3

amount. Judgment, Case No. 05-CVD-11750 (Wake County District Court, November 18, 2005) at ¶¶ 6-7. Raleigh Plumbing completed the work the next day. Id. ¶ 8. The debtor stopped payment on the check and still has not paid Raleigh Plumbing. Id. ¶¶ 9-10. Raleigh Plumbing would not have completed the work if the debtor had not tendered a check. Id. ¶ 11. The debtor has not made a good faith effort to settle the matter. Id. ¶ 12. The debtor was served with the complaint, failed to respond, and a default was entered. Id. ¶¶ 13-15. Based upon these findings of fact, the state court then made the following conclusions of law: 1) "Defendant has committed fraud by tendering a check to the Plaintiff with the present intent to induce Plaintiff to return to the jobsite and continue to do additional work"; 2) "Plaintiff is entitled to punitive damages at the discretion of the Court as a result of Defendant's fraud"; and 3) "Plaintiff is further entitled to a reasonable attorney's fee." The Judgment awards Raleigh Plumbing actual damages in the amount of $2,890, punitive damages in the amount of $10,000, and attorney's fees in the amount of $750, to accrue interest at the maximum legal rate until satisfied.

## Discussion

Summary judgment "is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In making this determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962) (per curiam). Summary judgment is not a "disfavored procedural shortcut," but an important mechanism for filtering out "claims and defenses [that] have no factual basis." Celotex,

477 U.S. at 327, 106 S. Ct. at 2555. "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323, 106 S. Ct. at 2552. Summary judgment is an "extreme remedy and not to be granted unless the moving party 'has established his right to a judgment with such clarity as to leave no room for controversy.'" Portis v. Folk Constr. Co., 694 F.2d. 520, 522 (8th Cir. 1982) (internal citations omitted).

The first issue this court must determine is whether the debtor is estopped as a matter of law from challenging the findings of the Wake County District Court. The doctrine of estoppel as applied in North Carolina precludes an issue from re-litigation if a party demonstrates "that the issue in question was identical to an issue actually litigated and necessary to the judgment, that the prior action resulted in a final judgment on the merits, and that the present parties are the same as, or in privity with, the parties to the earlier action." Sartin v. Macik, 535 F.3d 284, 287-88 (4th Cir. 2008) (citing Thomas M. McInnis & Assocs., Inc. v. Hall, 349 S.E.2d 552, 557 (N.C. 1986)). "Like other states," the Sartin court explained, "North Carolina has adopted the rule that a previous judgment has collateral estoppel effect only when, first, the specific *issue* was actually litigated in the prior action . . . and, second, the *party* seeking to relitigate previously enjoyed a 'full and fair opportunity to litigate' the issue, even if that party chose not to do so." Id. at 290 (citing Hall, 349 S.E.2d at 557, 559-60)). North Carolina follows "traditional" formulations of collateral estoppel and has adopted the Restatement (Second) of Judgments on that doctrine. Id. at 288. The Comments to the Restatement explain that "[i]n the case of a judgment entered by confession, consent, or *default, none of these issues is actually litigated.* Therefore, the rule of this Section does *not* apply with

5

respect to any issue in a subsequent action." Id. at 289, quoting Restatement (Second) of Judgments § 27 cmt. e (1982) (emphasis by the Sartin court).

Through his counsel, the debtor concedes that by virtue of his notice of the hearing on the default judgment and his presence at the courthouse on that day, he had a full and fair opportunity to litigate the issues in this case. Thus, what remains is the question of whether the issues determined by the findings of fact in the Judgment also were "actually litigated." Raleigh Plumbing contends the issue of fraud was "actually litigated" because the district court judge accepted evidence (a statement from Empire addressing communications between Empire and the debtor on specific dates preceding the stopped check) and arguments of counsel at the hearing, and subsequently entered findings of facts and conclusions of law on the fraud issue based upon that evidence, the pleadings and the arguments of counsel.

The debtor denies that he "actually litigated" the question of fraud under the elements of § 523(a)(2)(A)-(B), and he contends that there can be no "actual litigation" where there has been no answer or other pleading submitted by the debtor addressing the issues. Furthermore, the debtor argues, the district court judge could not have made a determination of fraud based on the information presented to him because no foundation was laid for the evidence proffered and no witnesses were put on the stand.

In this case, the district court ruled specifically and only on a motion for default judgment - there was no answer or other responsive pleading, and the debtor, the defendant in that case, was not present at the hearing. The district court judge made finding of facts and conclusions of law based only on Raleigh Plumbing's pleading and an exchange with its attorney. The majority of courts considering collateral estoppel in the context of no-answer defaults, including those in this state,

have determined that the resulting judgments are not the result of actual litigation. See Staton Holdings, Inc., v. Mileski (In re Mileski), 416 B.R. 210, 218 (Bankr. W.D.N.C. 2009) (citing Sartin, 535 F.3d at 289 and noting that this is the rule in North Carolina).

There is no evidence to demonstrate LaManna took any steps to defend the complaint in state court. Raleigh Plumbing has introduced the state court's order, but "[i]t is not enough that the party introduce the decision of the prior court. Rather, the party must introduce a sufficient record of the prior proceeding to enable the [ . . . ] court to pinpoint the exact issues previously litigated." Boggs v. Shropshire, 2007 WL 2900330 at *2 (Bankr. M.D.N.C. 2007) (citing Miller Bldg. Corp. v. NBBJ N.C., Inc., 497 S.E.2d 433, 435 (N.C. App. 1998)). As discussed above, the district court's findings of fact do not even mention fraud, nor do they otherwise refer to the debtor's intent in stopping payment on the check. This court thus cannot discern, from the factual portion of the state court's order, the basis on which that court could have reached conclusions of law with respect to fraud. Certainly, this court cannot "pinpoint the exact issues previously litigated."

Thus, applying the Fourth Circuit's decision in Sartin, courts generally have found that default judgments do not possess collateral estoppel effect. See generally Voss v. Pujdak, 2011WL 2619506 at *7-8 (Bankr. D.S.C. 2011) (citing Sartin, 535 F. 3d at 289). Where there is any doubt as to whether an issue has previously been "actually litigated," the doubt is resolved against finding collateral estoppel (i.e., issue preclusion). See Hasalia v. Walker (In re Walker), 416 B.R. 449, 466 (Bankr. W.D.N.C. 2009). This court finds that the debtor is not estopped from challenging the facts underlying the Wake County District Court's findings because the issues in that case pertaining to breach of contract and fraud were not "actually litigated."

7

Finally, and in the alternative, Raleigh Plumbing moves this court for summary judgment on the issue of fraud, notwithstanding collateral estoppel. Plaintiff contends there are no disputed issues of fact as to the fraud of the debtor and that summary judgment is, therefore, appropriate. The court cannot agree. "Summary judgement is generally not appropriate for the disposition of a fraudulent transfer claim based on actual intent because the debtor's subjective intent is at issue." Allman v. Wappler (In re Cansorb Indus. Corp.), 2009 WL 4062220 at * 9 (Bankr. M.D.N.C. 2009) (citing Schnittjer v. Houston (In re Houston), 385 B.R. 268, 272 (Bankr. N.D. Iowa 2008)). A bankruptcy court must refrain from making "credibility determinations which are not appropriate in a court's assessment of a motion for summary judgment," because "[i]n the summary judgment context, a court is simply not empowered to make such determinations." In re French, 499 F. 3d 345, 353-54 (4th Cir. 2007), cited in In re Nawroz, 2011 WL 4900035 *4 (Bankr. E.D. Va. 2011). In Nawroz, as in this case, a creditor moved for summary judgment against the debtor on grounds that a state court (California) judgment was entitled to collateral estoppel effect and that the court could conclude, as a matter of law, that the debtor had engaged in both conversion and fraud, such that the claim was nondischargeable under 523(a)(2)(A). That bankruptcy court disagreed, and concluded that

> [a]lthough the element of malice arguably has been satisfied, the Court does not believe it appropriate to make a determination as to the Debtor's subjective intent on a motion for summary judgment, and therefore cannot rule on the element of willfulness. In a similar context, that of intent to defraud under Section 727(a)(4), the Fourth Circuit [in In re French] held that the Debtor's intent is rarely, if ever, appropriate for disposition on summary judgment.

Nawroz, 2011 WL 4900035 at *4. The intent of the debtor in his communications with Raleigh Plumbing and with regard to his stop payment order is in dispute, and summary judgment is not appropriate.

Based on the foregoing, the plaintiff's motion for summary judgment is **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**